BOUNDS *et al. v.* BROWN *et al.*

(Division A.   March 17, 1947.   Suggestion of Error Overruled April 28, 1947.)

[29 So. (2d) 657.   No. 36358.]

**J. H. Daws,** of DeKalb, and **Creekmore & Creekmore,** of Jackson, for appellants.

L. L. Martin, of Macon, J. T. McCully, of DeKalb, and W. E. Morse, of Jackson, for appellees.

Argued orally by **Rufus Creekmore** and **J. H. Daws**, for appellants, and by **W. E. Morse**, for appellees.

**McGehee, J.,** delivered the opinion of the court.

The appellees sued to have their tax title to certain lands confirmed and quieted as against the appellant, J. R. Bounds, and "all other persons having or claiming any interest" therein, and which said lands were assessed to "J. R. Bounds' heirs" when sold to D. Seward on September 16, 1940, for delinquent taxes for the year 1939.

On August 18, 1942, Seward assigned, transferred and conveyed to the appellee, M. D. Brown, whatever right and interest he had in the land by virtue of said tax sale and by virtue of one made to him in 1941 for the 1940 taxes, at and for an agreed total consideration of $162, to be paid by Brown to the Chancery Clerk for Seward when the tax title should mature and the deeds were ready to be executed, and which deeds were therein authorized to be

delivered to Brown by the Clerk when the tax title should mature and when the money was paid.

The Chancery Clerk testified that this money was not paid to him until after September 16, 1942, that is to say until on September 17, 1942, when the tax deeds were executed and recorded in favor of Seward, who later executed a quit claim deed to Brown.

It is contended by the appellant that the above mentioned transaction amounted to a redemption of the land, and as such inured to the benefit of the former owner or owners. We do not think so. Even though the clerk referred to the $162 as the "redemption money" in his testimony, it is undisputed that it was not paid to him by Brown until the next day after the two years for redemption had expired, following the 1940 sale. And it clearly appears that it was paid as a consideration for the assignment, transfer and conveyance from the tax purchaser to Brown of his right and interest in the land if it should remain unredeemed until the tax title should mature.

The other assignments of error involve the question of whether or not certain changes made by the clerk on the records to cause the recordation of certain instruments to conform to the description in the originals and to the list of lands sold for taxes were fraudulent alterations, and as to when they were made, and whether or not the court should have allowed certain exhibits to the bill to be amended, etc.; and also whether the court was in error in holding that the appellant had not been misled by statements of Brown into believing that the land had been redeemed from the tax sales in due time. But all of these issues were decided by the Chancellor on conflicting testimony, and under the rule we are not justified in disturbing his finding in regard thereto.

Therefore, the decree confirming and quieting the title of appellees to the land as to the named defendant, J. R.

Bounds, and "all persons having or claiming any interest" therein, and in dismissing the cross-bill, must be affirmed.

Affirmed.